UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| IN RE PETITION FOR LEAVE TO FILE BY ENJOINED LITIGANT | ) ) ) ) ) | MBD No. 22-mc-91056-DJC |

**MEMORANDUM AND ORDER**

**CASPER, J.**                                                                                     February 15, 2023

For the reasons set forth below, the court grants the motion for leave to proceed *in forma pauperis*, denies the motion for appointment of counsel and denies the motion for leave to file complaint.

**I.    Background**

Petitioner Oak-Hee Kim ("Kim"), also known as Oak-Hee Ruesch, is a frequent *pro se* filer who has been enjoined from filing new actions in the United States District Court for the District of Massachusetts without obtaining leave of court. See Kim v. Mass. Comm'n Against Discrimination, et al., C.A. No. 15-12309-WGY (Dec. 5, 2017, D. 10); Ruesch v. Goodhue, et al., C.A. No. 04-12390-NG (Nov. 17, 2004, D. 7).

In this matter, Kim has filed a petition seeking leave to file a complaint accompanied by motions to appoint counsel and for leave to proceed *in forma pauperis*. D. 2-4.  In her petition, Kim states that there is a good-faith basis for the proposed filing and that she seeks "Judicial Review, regarding Fair Housing Act and ADA/504 Rehabilitation Act for the handicapped person's public housing rights by removal of readily achievable barrier." D. 2 at 1.  Kim also seeks to have the court "vacate the December 5, 2017 Enjoinment Order." Id.

Kim's proposed complaint consists primarily of a recounting of events arising during her tenancy with the Newton Housing Authority ("NHA") as well as her unsuccessful efforts to seek

accommodation of her disability related to multiple chemical sensitivities. D. 2-1. Named as defendants are the United States Department of Housing and Urban Development ("HUD"); three Boston HUD employees and one HUD employee in Washington, D.C. Id. at 1-2.

## II.  Discussion

Upon review of Kim's motion for leave to proceed *in forma pauperis*, the court concludes that she is without income or assets to pay the applicable filing fee. This motion, D. 3, is ALLOWED. Her motion for leave to file a complaint, D. 2, and her motion for appointment of counsel, D. 3, however, are DENIED.

The majority of allegations in the proposed complaint concern the 2013 housing discrimination complaint that Kim filed with the U.S. Department of Housing and Urban Development ("HUD"), which was referred to the Massachusetts Commission Against Discrimination ("MCAD") for investigation. Except for one allegation concerning lack of hot water since November 2021 and/or January 21, 2022, see D. 2-1 ¶ 24, the allegations in the complaint concern events occurring between 2013 and 2015. As to the allegations concerning lack of hot water, Kim states that "the MCAD and HUD investigators adjoined with NHA employees and its lawyer Egan, predicated with machination, that intended to continue unlawful housing practice." Id. As to the Newton Housing Authority, Kim states that "[t]he NHA saw [Kim's] food listing [with limitations surrounding the consumption of spices, salt and soy sauce] . . . , and these days since November 2021, no hot water scheme; two (2) day; four (4) days; and just started January 21, 2022 on/off." Id.

Based upon these allegations, the Court cannot find that the proposed complaint states a legal claim upon which relief may be granted. Except for the allegations concerning lack of hot water, Kim alleges the discriminatory incidents occurred during 2013 through 2015, more than

three years prior to seeking permission to file suit. In light of this, any civil rights claims based on discrimination are barred by the applicable limitations period. The applicable statute of limitations is three years for both the ADA the Rehabilitation Act, and two years for the FHA. See Cunningham v. Potter, No. 09-cv-10815-RWZ, 2009 WL 10694441, at *2 (D. Mass. June 18, 2009); 42 U.S.C. § 3613(a)(1)(A).

Additionally, the proposed complaint fails to state a claim even as to the allegations she makes as to the lack of hot water in 2021-2022. In relevant part, Title II of the of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12132, provides: "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. Similarly, Section 504 of the Rehabilitation Act ("RA"), 29 U.S.C. § 794, protects a "qualified individual with a disability" from exclusion of participation, denial of benefits, or subjection to discrimination based on the individual's disability "under any program or activity receiving Federal financial assistance." 29 U.S.C. § 794(a). In light of same, ADA and RA claims must allege that the complainant "was ... discriminated against *because* of a disability." Williams v. Barometre, No. 20-CV-7644 (KMK), 2022 WL 903068, at *17 (S.D.N.Y. Mar. 28, 2022) (quoting Piedmont Behav. Health Ctr., LLC v. Stewart, 413 F. Supp. 2d 746, 756 (S.D.W. Va. 2006) (emphasis in original)). Failure to do so is "fatal." Id. Although Kim alleges that she is a qualified individual with a disability and that the defendants are subject to the ADA and RA, she has not plausibly alleged that she was discriminated against "by reason of" her disabilities when she had inadequate hot water for a period in November 2021 and January 2022.

At least for the reasons above, the Court concludes that Kim has not demonstrated that she should be given leave to file the proposed complaint. Based on the pleadings submitted, this court

cannot find that there is an objectively good faith basis for the proposed complaint, or that the proposed complaint presents compelling reasons to retract the orders enjoining her from filing without leave of court.

For the foregoing reasons, the court hereby orders:

1  The motion for leave to proceed *in forma pauperis* is ALLOWED.

2. The motion for appointment of counsel is DENIED.

3. The petition for leave to file is DENIED and the Clerk shall close this case.

**SO ORDERED.**

/s Denise J. Casper
Denise J. Casper
United States District Judge